**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBERT R. WEBSTER JR.,

Plaintiff, 6:26-cv-01347 (BKS/DJS)

v.

NYS TROOPERS et al.,

Defendants.

---

**Appearances:**

*Plaintiff Pro se:*
Robert R. Webster Jr.
Rome, NY 13440

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff pro se Rober R. Webster Jr., filed a Complaint pursuant to 42 U.S.C. § 1983, against Defendants "NYS Troopers," the United States Post Office, Oneida County Law (Judges/District Attorneys/Court Officers), George Bush Sr., George Bush Jr., William Clinton, Barack Obama, Joseph Biden, and Donald Trump. (Dkt. No. 1). Plaintiff moved to proceed *in forma pauperis*. (Dkt. No. 7). This matter was referred to United States Magistrate Judge Daniel J. Stewart for an initial review pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 72.3(d). On August 21, 2026, Magistrate Judge Stewart granted Plaintiff's motion to proceed *in forma pauperis*, (Dkt. No. 9), and issued a Report-Recommendation recommending that Plaintiff's § 1983 claims be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and with leave to file an amended complaint, (Dkt. No. 10).

Plaintiff has filed timely objections to the Report-Recommendation. (Dkt. No. 11). For the reasons that follow, the Report-Recommendation is adopted.

## II. STANDARD OF REVIEW

The Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## III. DISCUSSION

### A. Complaint and Report-Recommendation

The following is a complete recitation of the factual allegations in the Complaint:

> To all wrongful posting of email addresses to avoid contact from myself and others being you are public affiliates. NYS Troopers; not allowing access to FOIL. Wrongful arrest for 941 4/17/2026 + kidnapping Post Office; not delivering all mail and not notifying me of checks from NYS tenants. Oneida County Law; judge tried cases of pro se without me. Not notifying me of court dates in a timely manner. Not allowing ample time for me to arrange transportation of I am handicapped.

(Dkt. No. 1, at 2). As Magistrate Judge Stewart observed: the Complaint "appears to combine a series of unrelated events including interactions with unidentified members of . . . law

enforcement, and judicial officials in Oneida County, as well as failure to deliver mail." (Dkt. No. 10, at 4).

Magistrate Judge Stewart found that the Complaint failed to comply with Federal Rule of Civil Procedure 8 because its "factual allegations" were "exceptionally brief and somewhat unclear," (Dkt. No. 10, at 4), and failed to comply with Rule 10 because the Court "could not discern the factual and legal basis of" of any allegation, (*id.* at 5 (quoting Fed. R. Civ. P. 10(b)).

Magistrate Judge Stewart further found that any § 1983 claim against the United States Post Office was not viable because § 1983 created a private cause of action against individuals acting under color of state, not federal, law. (Dkt. No. 10, at 5–6). Magistrate Judge Stewart explained that Plaintiff's efforts to sue "Judges/District Attorney's" under § 1983 were also unavailing because "judges and prosecutors enjoy absolute immunity from suit for actions taken in performance of their duties." (*Id.* at 6 (quoting *Beverly v. Cnty. of Rensselaer*, No. 18-cv-1293, 2018 WL 6529179, at *2, 2018 U.S. Dist. LEXIS 209384, at *5 (N.D.N.Y. Dec. 12, 2018), *report and recommendation adopted*, 2019 WL 281580, 2019 U.S. Dist. LEXIS 9607 (N.D.N.Y. Jan. 22, 2019)). Finally, Magistrate Judge Stewart noted that the Complaint contained no factual allegations as to the individuals listed as defendants, including President Donald Trump, and several former Presidents, and thus failed to state a claim for relief as to any individual defendant. (*Id.* at 6).

**B. Objections**

In his objections, Plaintiff argues that the "Governing Legal Standard" that Magistrate Judge Stewart outlined in the Report-Recommendation "doesn't exist." (Dkt. No. 11, at 1). Plaintiff cites no case law in support of this argument and on de novo review, the Court finds no error in Magistrate Judge Stewart's recitation of the governing legal standard, including the requirements articulated in Rules 8 and 10, and the requirement that the complaint state a

plausible claim for relief. Magistrate Judge Stewart quoted 28 U.S.C. § 1915(e), which directs courts to dismiss a case that is "frivolous or malicious," fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from liability." (Dkt. No. 10, at 2 (quoting 28 U.S.C. § 1915(e)(2)(B)). Magistrate Judge Stewart also correctly articulated the "facial plausibility" standard courts apply when determining whether a pleading adequately states a claim for relief. (*Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court therefore finds, on de novo review, that Plaintiff's objection to Magistrate Judge Stewart's recitation of the "Governing Legal Standard" is without merit.

The Court has reviewed the remainder of the Report Recommendation for clear error and finds none. However, the Court notes that there is an additional basis for dismissal of Defendant "NYS Troopers." Sovereign immunity bars a suit in federal court against a state, absent the state's consent to suit or congressional abrogation of immunity. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55 (1996); *Kostok v. Thomas*, 105 F.3d 65, 68 (2d Cir. 1997). "New York has not waived its immunity, nor has Congress abrogated it." *Jackson v. Ramirez*, 691 F. App'x 45, 46 (2d Cir. 2017) (summary order) (first citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39 (2d Cir. 1977); and then citing *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990)); *see also Walker v. NYS Justice Ctr. for the Prot. of People with Special Needs*, 493 F. Supp. 3d 239, 246 (S.D.N.Y. 2020) ("Congress did not abrogate the States' sovereign immunity when it enacted §§ 1983 and 1985, and New York has not waived its immunity." (citing, *inter alia*, *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010))). The Eleventh Amendment's immunity extends to the New York State Police as an agency of the State of New York. *See*, *e.g.*, *Riley v. Cuomo*, No. 17-cv-1631, 2018 WL 1832929, at *4, 2018 U.S. Dist. LEXIS 64535, at *8 (E.D.N.Y. Apr. 16, 2018) (holding that the New York State

Police, as a division in the executive department of the State, is immune from claims under § 1983). The Complaint therefore fails to state a claim for relief against Defendant "NYS Troopers."

### C. Amendment Permitted

Magistrate Judge Stewart recommended that, in the event the Court adopted the Report Recommendation and dismissed the Complaint, the Court should allow Plaintiff to file an amended complaint. (Dkt. No. 10, at 6–7). The Court agrees and permits Plaintiff to file an amended complaint as to any claims that have not been dismissed with prejudice. The Court repeats here the guidance Magistrate Judge Stewart provided regarding amendment:

> Any such amended complaint, which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff, must contain a caption that clearly identifies, by name, each individual/entity that Plaintiff is suing and must bear the case number assigned to this action. It must be a single document. Plaintiff must also clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of the amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if Plaintiff claims that his rights were violated on more than one occasion, he should include a corresponding number of paragraphs in the amended complaint for each such allegation, with each paragraph specifying: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights. The amended complaint also must clearly state Plaintiff's legal causes of action.

(Dkt. No. 10, at 7).

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation, (Dkt. No. 10), is **ADOPTED** in its entirety; and it is further

**ORDERED** that plaintiff's § 1983 claims for monetary damages against the United States Post Office and NYS Troopers are **DISMISSED with prejudice and without leave to amend** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the remainder of the Complaint, (Dkt. No. 1), is **DISMISSED without prejudice and with leave to amend** pursuant to 28 U.S.C. § 1915(e), for failure to state a claim; and it is further

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 5, 2026
Syracuse, New York

Brenda K Sannes

Brenda K. Sannes
Chief U.S. District Judge